**Joyce BRUNE, Appellant,**

v.

**BROWN FORMAN CORPORATION, Appellee.**

No. 13–87–445–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1988.

Rehearing Denied Oct. 6, 1988.

James B. Ragan, Corpus Christi, for appellant.

Melvin A. Krenek, San Antonio, for appellee.

Before UTTER, SEERDEN and BENAVIDES, JJ.

## OPINION

UTTER, Justice.

Joyce Brune, individually and on behalf of the estate of Marie Brinkmeyer, brought this action against the Brown Forman Corporation, Block Distributing Company, and University Liquor Store seeking damages for the death of her daughter caused by

acute alcohol poisoning. All parties have been dismissed from the cause except Brune and Brown Forman. Brune appeals from an order of the trial court granting summary judgment for Brown Forman. We reverse the trial court's judgment and remand the cause to the trial court.

On November 14, 1983, Marie Brinkmeyer went to the University Liquor Store and purchased a bottle of Pepe Lopez Tequila. That evening Brinkmeyer and some friends began drinking straight shots of the tequila and she was escorted to her room around 10:00 p.m. The following morning she was found dead, allegedly as a direct result of acute alcohol intoxication. Brinkmeyer was eighteen years old and in her first semester at Texas A & I University. This tequila had been manufactured and bottled by defendant Brown Forman Corporation, distributed by defendant Block Distributing Company, and sold by defendant University Liquor Store.

In her original petition, appellant alleged that the tequila in question contained a marketing defect because it was an unreasonably dangerous product in the absence of a warning and/or instructions for its safe use. Specifically, appellant alleged that while many risks are assumed with the drinking of a bottle of tequila, many teenagers are unaware that the mere ingestion of the drug in excess quantity can cause an overdose resulting in death.

On appeal, appellant contends that the trial court erred in granting appellees motion for summary judgment on the grounds that there was no issue of material fact. The question raised on appeal is: whether the risk of death resulting from acute alcohol poisoning is a matter of common knowledge to the community such that there was no duty on the manufacturer to warn of the danger as a matter of law.

The appellee, as movant, must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986). When reviewing the granting of a summary judgment, we will consider the summary judgment evidence in the light most favorable to the nonmovants and indulge every reasonable inference in their favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

If a manufacturer knows or should know of potential harm to a user because of the nature of its product, the manufacturer is required to give an adequate warning of such dangers and provide instructions for the safe use of the product. *See Bristol–Myers Co. v. Gonzales*, 561 S.W.2d 801, 804 (Tex.1978); *Crocker v. Winthrop Laboratories*, 514 S.W.2d 429, 433 (Tex.1974); *see also Lopez v. Aro Corp.*, 584 S.W.2d 333, 335 (Tex.Civ.App.— San Antonio 1979, writ ref'd n.r.e.). Therefore, in order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warnings on the container as to its use. *See Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 372 (Tex.1984); *Houston Lighting & Power Co. v. Reynolds*, 712 S.W.2d 761, 767 (Tex.App.—Houston [1st Dist.] 1986, writ granted); *see also* Restatement (Second) of Torts, § 402A, comment j (1965); Sales, *Product Liability Law in Texas*, 23 Hous.L.Rev. 1, 52 (1986). This includes the duty to warn against foreseeable misuse. *See Houston Lighting & Power Co.*, 712 S.W.2d at 767; *Blackwell Burner Co. v. Cerda*, 644 S.W.2d 512, 516 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.).

Appellee submitted no summary judgment proof and argues that there was no duty to warn as a matter of law, because the dangers inherent in its product were within the ordinary knowledge common to the community. *See Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690 (Tenn.1984); *Abernathy v. Schenley Industries, Inc.*, 556 F.2d 242 (4th Cir.1977), *see generally* Annot., 42 ALR 4th 253, 256 (1985). Its argument is based primarily upon the Restatement (Second) of Torts, § 402A, comments h, i, j (1965) as adopted in *McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787, 789 (Tex.1967) and *Shamrock Fuel & Oil Sales Co. v. Tunks*, 416 S.W.2d 779, 783 (Tex.1967). Appellee contends that the comments to Section 402A indicate that good alcoholic beverages properly

made without contamination or deleterious material are not defective. However, we do not read these provisions so narrowly. Comment h states that:

A product is not in a defective condition when it is safe for normal handling and consumption. If the injury results from ... abnormal consumption, as where a child eats too much candy and is made ill, the seller is not liable. *Where, however, he has reason to anticipate that danger may result from a particular use, as where a drug is sold which is safe only in limited doses, he may be required to give adequate warning of the danger (See comment j), and a product sold without such warning is in a defective condition* (emphasis added).

■ A close look at comment h, reveals that in a situation where the manufacturer can anticipate a danger from a particular use, such as death resulting from acute alcohol poisoning, he may be required to give an adequate warning of that danger. Nowhere does comment h state that there is no duty to warn under any circumstances involved. In fact, appellee may have had reason to anticipate that danger may result from this particular use.

Likewise, comments i and j do not preclude a cause of action based on a duty to warn. In pertinent part, comment i states:

Many products cannot possibly be made entirely safe for all consumption, and any food or drug necessarily involves some risk of harm, if only from overconsumption.... *The article sold must be dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community as to its characteristics.* Good whiskey is not unreasonably dangerous merely because it will make some people drunk and is especially dangerous to alcoholics ... (emphasis added).

It is readily apparent that comment i only speaks of those characteristics that result from general intoxication and dangers peculiar to alcoholics. Comment i neither speaks of the fatal propensities of alcohol, nor does it state that those fatal propensities are ordinary knowledge common to the community.

Lastly, comment j states in relevant part: Directions or warning. In order to prevent the product from being [in a defective condition] unreasonably dangerous [to the user or consumer], the seller may be required to give directions or warning, on the container, as to its use.... *In the case of poisonous drugs, or those unduly dangerous for other reasons, warning as to use may be required.*

But a seller is not required to warn with respect to products, or ingredients in them, which are only dangerous, or potentially so, when consumed in excessive quantity, or over a long period of time, *when the danger, or potentiality of danger, is generally known and recognized.* Again the dangers of alcoholic beverages are an example, as are those of foods containing such substances as saturated fats, which may over a period of time have a deleterious effect upon the human heart (emphasis added).

■ Appellee interprets comment j to mean that the dangers of excessive alcohol consumption are well known to the public. Comment j, however, does not say that the dangers of acute ethyl ingestion resulting in death are necessarily generally known. Rather, it says that *when* the danger is generally known, no warning is required. *See Hon v. Stroh Brewery,* 835 F.2d 510, 515 (3rd Cir.1987). As noted in *Hon,* when read in context, comment j does nothing more than extend to the duty to warn the Restatement's general exception for cases in which the consumer knows or should know of the product's dangerous propensities.[1] *Id.* In other words, it does not say

1. We should note that the defenses of no duty, assumption of the risk, and obvious danger have all been abolished as absolute defenses in negligence and strict liability cases. *See Duncan v. Cessna Aircraft Corp.,* 665 S.W.2d 414 (Tex.1984) (strict liability); *Abalos v. Oil Development Co.,* 544 S.W.2d 627 (Tex.1976) (negligence); Tex. Civ.Prac. & Rem.Code Ann. § 33.001 (Vernon Supp.1988). Rather, the judiciary and legisla-

that the danger of acute alcohol intoxication resulting in death is generally known and that no warning is required. We conclude, therefore, that comments h, i and j do not preclude liability where death results from acute alcohol intoxication. Likewise, there is no basis for concluding that alcohol should be treated any differently than any other drug or poison on the market.

Although the appellee has presented several cases wherein the courts have found that the consumer of the alcoholic beverages knew or should have known that his or her consumption created a substantial risk of bodily injury, we find that these cases are entirely consistent with appellant's theory of liability. In fact, the overwhelming majority of these cases stand for an unrelated proposition that the ordinary consumer with the ordinary knowledge common to the community knows of the dangers of *driving while intoxicated. See Malek v. Miller Brewing Co.*, 749 S.W.2d 521, 523 (Tex.App.—Houston [1st Dist.] 1988, no writ); *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 583 (Tex.App.—Fort Worth 1987, writ ref'd n.r.e.); *see also Rohe v. Anheuser Busch, Inc.*, No. C–2–82–161, slip op. at 8–9 (S.D. Ohio April 15, 1983), *aff'd*, 732 F.2d 155 (6th Cir.1984); *Maguire v. Pabst Brewing Co.*, 387 N.W.2d 565, 569–70 (Iowa 1986); *Russell v. Bishop*, No. 88 (Tenn.Ct.App. January 7, 1986) [available on WESTLAW, 1986 WL 653]. In the case at bar, we are not concerned with whether ordinary common knowledge includes long-term alcohol consumption which results in injury. *Compare Hon*, 835 F.2d at 517, *with Garrison v. Heublein, Inc.*, 673 F.2d 189, 190 (7th Cir.1982).

In its response to appellee's motion for summary judgment, appellant offered evidence which showed that, prior to the time of her death, Brinkmeyer had little exposure to the use of alcohol. Brinkmeyer's mother stated that she had warned Brinkmeyer of the dangers of impaired physical capacity which can result from the consumption of alcohol, but that she had not warned her daughter that alcohol was le-

thal because she had no knowledge of that fact. The liquor store owner that sold Brinkmeyer the tequila stated that he knew you could die from an alcohol overdose, but admitted that he had acquired his knowledge through college chemistry courses. In addition, appellant submitted documents showing that the United States Congress has been considering legislation on whether to require warning labels on bottles of alcohol and that the government of Mexico has already instituted such legislation. Appellant further showed that warning labels are presently used in the United States on "Everclear" grain alcohol bottles. These warnings state that the overconsumption may endanger your health and instruct the user not to consume the product in excessive quantities or to drink it without mixing it with non-alcoholic beverages. Lastly, appellant submitted appellee's responses to its interrogatories which stated that it did not know of the danger of the product in question which resulted in Marie Brinkmeyer's death.

The appellant alleged that tequila, taken in the quantity and manner Brinkmeyer consumed it, can have fatal consequences. There is nothing in the record which suggests that Brinkmeyer was aware of this fact. Moreover, the record reveals that the general public may be unaware that consumption of tequila in this quantity and manner can be potentially fatal.

■ Black's Law Dictionary 250 (5th ed. 1979) defines "common knowledge" as follows:

> *Common knowledge.* Is what court may declare applicable to action without necessity of proof. It is knowledge that every intelligent person has. It includes matters of learning, experience, history, and facts of which judical notice may be taken.

Specifically, common knowledge encompasses those facts which are so patently obvious and so well known to the community generally, that there can be no question or dispute concerning their existence. For instance, there can be no dispute that there

ture have adopted a comparative apportionment system to be utilized in these cases.

are twelve inches in a foot, that the sun rises in the morning, or even that a person drinking alcoholic beverages will become intoxicated. On the other hand, the length in inches of a particular object, the location of the sun at a specific point in time, or the level of intoxication and its effect on a particular person at a specific time, all involve facts which could be subject to dispute and which could never be ordinary common knowledge to the community. This is because a matter of common knowledge is information known by the public generally based upon indisputable facts. Therefore, the more disputable a fact may be, the less likely it will belong to that narrow set of facts judicially recognized as common knowledge.

Unlike the examples cited above, the fatal propensities of acute alcohol poisoning cannot be readily categorized as ordinary common knowledge. Although there is no question that drinking alcoholic beverages will cause intoxication and possibly even cause illness is a matter of common knowledge, we are not prepared to hold, as a matter of law, that the general public is aware that the consumption of an excessive amount of alcohol can result in death. We realize that there is no clear line between what is and is not common knowledge, but where facts, as shown by appellant's summary judgment proof, show how easily disputed the knowledge of the fatal propensities of alcohol may be, we will not recognize it as common knowledge as a matter of law. Therefore, based on the record that was before the district court, a trier of fact could properly find that the amount of alcohol consumed by Brinkmeyer was potentially lethal and that it was dangerous to an extent beyond that which would be contemplated by the ordinary user of the product with ordinary knowledge common to the community as to the products' characteristics.

We conclude that a genuine issue of material fact exists concerning whether tequila is safe for its intended purpose without a warning or instructions on its safe use and, accordingly, that the trial court erred in granting the summary judgment.

Since we find genuine issues of material fact exist in this case, we will REVERSE the summary judgment granted to appellee and REMAND the case to the district court for further proceedings consistent with this opinion.