Bennie SCHMIDT, Appellant,

v.

CENTEX BEVERAGE, INC., Capitol Beverage Co., Brown Distributing Co., and Shiner of Austin, Inc., Appellees.

No. 3–91–100–CV.

Court of Appeals of Texas, Austin.

March 4, 1992.

Dick Blankenship, Austin, for appellant.

Todd J. Knop, Bankston, Wright & Greenhill, Austin, for Centex Beverage, Inc., Coors of Austin, Inc. d/b/a Capitol Beverage Co., and Brown Distributing Co.

Tracy Walters McCormack, Akin, Gump, Strauss, Hauer & Feld, Austin, for Shiner of Austin, Inc.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

ABOUSSIE, Justice.

This is an appeal from a summary judgment granted against appellant, Bennie Richard Schmidt. On the evening of August 12, 1988, Schmidt trespassed onto the grounds of Austin Aqua Fest, an annual outdoor music festival, by crawling under a fence. He was confronted by a group of people, including Aqua Fest volunteers, and a struggle followed during which Schmidt's neck was broken, leaving him paralyzed. Schmidt claims that the volunteers who confronted him were intoxicated and belligerent as a result of Austin Aqua Fest's policy of providing free beer to its volunteer workers, which was in turn made possible by the sale of beer to Aqua Fest by wholesale beer distributors.

Schmidt sued the wholesale distributors who supplied beer to Aqua Fest on theories of negligence and strict liability, as well as under the so-called dram shop statute. Tex.Alco.Bev.Code Ann. §§ 2.02–03 (Supp. 1992). The trial court granted the distributors' motions for summary judgment on the ground that they owed no duty to Schmidt. We affirm.

In a single point of error, Schmidt argues that the trial court erred in granting summary judgment because the distributors (1) owed a duty to Schmidt arising from their participation in creating the harm; (2) are strictly liable to Schmidt for failing to warn consumers of the dangers of beer consumption; and (3) owed a duty to Schmidt arising from the statute which prohibits the sale or service of beer to already intoxicated persons. The distributors raise one cross-point, seeking damages for the taking of an appeal without sufficient cause and for purposes of delay. Tex.R.App.P.Ann. 84 (Pamph.1992).

The distributors are entitled to summary judgment if they demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Tex.R.Civ.P.Ann. 166a (Supp.1992). All of Schmidt's claims hinge on the threshold question whether the distributors owed a legal duty to Schmidt, which is a question of law for the court to decide. *Otis Eng'g Corp. v. Clark*, 668 S.W.2d 307 (Tex.1983).

### NEGLIGENCE

Schmidt first argues that the distributors owed him a duty because they contributed to the creation of a foreseeable risk of injury to him. As a general rule, one person is under no duty to control the conduct of another, even if he has the practical ability to exercise such control. *Otis Eng'g*, 668 S.W.2d at 309 (citing Restatement (Second) of Torts § 315 (1965)). However, if a person negligently creates a dangerous situation it becomes his duty to act to prevent injury to others. *Buchanan v. Rose*, 159 S.W.2d 109, 110 (Tex.1942).

Schmidt claims that appellees created a dangerous situation by providing beer, indi-rectly, to the volunteers who injured him. He reasons that by selling beer to Aqua Fest, with knowledge of the festival's policy of providing free beer to its volunteers, the distributors participated in creating the harm, thus giving rise to a duty on the part of the distributors to those whom the volunteers might injure.

In support of this argument, Schmidt cites *El Chico Corp. v. Poole*, 732 S.W.2d 306 (Tex.1987), in which the supreme court imposed a duty on retailers not to serve alcoholic beverages to a patron when the retailer knows or should know the patron is intoxicated. *Id.* at 314. This duty arises out of a retailer's control over the amount of alcohol served and the statutory requirement to exercise that control. *Id.* at 315.

The reasons enumerated in *El Chico* for imposing a duty on retail establishments do not apply to wholesale distributors. Distributors have neither a right to control the amount of alcohol served nor a statutory duty to do so. In fact, distributors are statutorily prohibited from exercising any control over the retail sales of the beer they distribute. *See* Tex.Alco.Bev.Code Ann. §§ 102.01–18 (1978 & Supp.1992).

Schmidt argues in particular that the duty to exercise reasonable care in this instance amounts to a duty to warn consumers of the dangerous effects of over-consumption of alcohol. This argument was rejected in *Morris v. Adolph Coors Co.*, 735 S.W.2d 578 (Tex.App.1987, writ ref'd n.r.e.). That case involved the operation of a motor vehicle, but its reasoning is equally applicable here: the intoxicating effects of the consumption of alcoholic beverages always have been common knowledge to the ordinary consumer and thus there is no duty to warn. *Id.* at 585; *see also Malek v. Miller Brewing Co.*, 749 S.W.2d 521 (Tex.App.1988, writ denied).

### STRICT LIABILITY

In order to establish a cause of action for strict liability, the party must prove: (1) the product was defective; (2) the product reached the consumer without substantial changes in its condition from

the time it was originally sold; (3) the defect rendered the product unreasonably dangerous; and (4) the unreasonably dangerous defect caused an injury to the consumer. Restatement (Second) of Torts § 402A (1965); *see McKisson v. Sales Affiliates, Inc.*, 416 S.W.2d 787, 789 (Tex. 1967) (adopting § 402A as the law of Texas). Failure to provide adequate warnings or instructions may constitute a defect. *Lucas v. Texas Indus.*, 696 S.W.2d 372, 377 (Tex.1984). However, there is no duty to warn when the danger is a matter of common knowledge. Restatement (Second) of Torts § 402A, cmt. j (1965).

■ Schmidt argues that the wholesale beer distributors had a duty to warn consumers of the effects of intoxication. He relies on two cases holding manufacturers strictly liable for failing to warn consumers of the dangers of alcohol consumption. *See McGuire v. Seagram and Sons, Inc.*, 790 S.W.2d 842 (Tex.App.1990), *rev'd*, 814 S.W.2d 385 (Tex.1991); *Brune v. Brown Forman Corp.*, 758 S.W.2d 827 (Tex.App. 1988, writ denied).

Schmidt's reliance on these cases is misplaced. Since the filing of this appeal, the Texas Supreme Court has reversed *McGuire*. *McGuire*, 814 S.W.2d at 385. In its opinion, which addressed both strict liability and negligence theories, the Texas Supreme Court held that manufacturers of alcoholic beverages have no duty to warn consumers of the dangers of chronic alcoholism because such dangers are commonly known. *McGuire*, 814 S.W.2d at 387–89. Comment j to § 402A of the Restatement (Second) of Torts, cited in *McGuire*, states:

> [A] seller is not required to warn with respect to products or ingredients in them, which are only dangerous, or potentially so, when consumed in excessive quantity, or over a long period of time, when the danger, or potentiality of danger, is generally known and recognized. Again, the *dangers of alcoholic beverages* are an example....

Restatement (Second) of Torts, § 402A, cmt. j (emphasis added). Applying this common-knowledge exception, Texas courts have declined to recognize a duty for manu-

facturers to warn of the dangers of driving while intoxicated. *Malek*, 749 S.W.2d at 521; *Morris*, 735 S.W.2d at 578.

Schmidt also relies on *Brune*, 758 S.W.2d at 827, in which a court of appeals held a manufacturer of tequila strictly liable for failing to warn a consumer of the dangers of acute alcohol poisoning. In *Brune*, the court refused to apply the common-knowledge exception because the dangers of acute alcohol poisoning are extreme and thus not as commonly known as the dangers of intoxication. *Id.* at 831. Indeed, that court stated "[T]here can be no dispute that there are twelve inches in a foot, that the sun rises in the morning, or even *that a person drinking alcoholic beverages will become intoxicated.*" *Id.* (emphasis added).

Schmidt alleges only that the Aqua Fest volunteers who confronted him were intoxicated and belligerent. We hold that these effects of alcohol consumption come within the common-knowledge exception to strict liability and thus that the distributors had no duty to warn consumers.

## DRAM SHOP

Schmidt also claims that the distributors owed him a duty under section 2.02 of the Texas Alcoholic Beverage Code, which creates a statutory cause of action against a party who provides, sells, or serves alcohol to an already intoxicated person, by one later injured by this intoxicated person. Tex.Alco.Bev.Code Ann. § 2.02 (Supp.1992); *see also El Chico Corp.*, 732 S.W.2d at 306. Schmidt concedes he cannot show that the distributors provided beer directly to the volunteers who injured him.

■ Section 2.02 applies to a "provider," who is defined as "a person who sells or serves an alcoholic beverage ... to an individual." Tex.Alco.Bev.Code Ann. § 2.01(1) (Supp.1992). Thus, the statute upon which Schmidt relies does not apply to wholesale beer distributors under these facts. Furthermore, a cause of action under section 2.02 requires proof that "at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic bever-

age was obviously intoxicated to the extent that he presented a clear danger to himself and others...." *Id.* § 2.02(b)(1).

■ Schmidt argues that appellees exercised de facto control over the beer provided to Aqua Fest volunteers in general because agents of the distributors attended the festival with free passes given to them by Aqua Fest and had reason to know alcohol would be consumed to excess at the event. This argument has no merit. The fact that appellees' agents may have attended the multi-day festival does not bestow on them the duty, prohibited by law, to oversee the sale of alcohol to consumers.

Because the distributors owed no legal duty to Schmidt under any of the theories pleaded, Schmidt's point of error is overruled.

### CROSS–POINT

■ In a cross-point, the distributors seek damages from Schmidt for the taking of an appeal for delay and without sufficient cause. Tex.R.App.P.Ann. 84 (Pamph. 1992). We cannot conclude that this appeal was brought for delay and without sufficient cause. Indeed, one of appellant's primary sources of authority was overruled after he filed this appeal. The cross-point is therefore overruled.

The trial court's summary judgment is affirmed.