IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 





NO. 3-91-100-CV





BENNIE SCHMIDT,



 APPELLANT


vs.





CENTEX BEVERAGE, INC., CAPITOL BEVERAGE CO., BROWN


DISTRIBUTING CO., AND SHINER OF AUSTIN, INC.,




 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT



NO. 487,791, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING



 




 This is an appeal from a summary judgment granted against appellant, Bennie
Richard Schmidt. On the evening of August 12, 1988, Schmidt trespassed onto the grounds of
Austin Aqua Fest, an annual outdoor music festival, by crawling under a fence. He was
confronted by a group of people, including Aqua Fest volunteers, and a struggle followed during
which Schmidt's neck was broken, leaving him paralyzed. Schmidt claims that the volunteers who
confronted him were intoxicated and belligerent as a result of Austin Aqua Fest's policy of
providing free beer to its volunteer workers, which was in turn made possible by the sale of beer
to Aqua Fest by wholesale beer distributors.

 Schmidt sued the wholesale distributors who supplied beer to Aqua Fest on theories
of negligence and strict liability, as well as under the so-called dram shop statute. Tex. Alco.
Bev. Code Ann. §§ 2.02-03 (Supp. 1992). The trial court granted the distributors' motions for
summary judgment on the ground that they owed no duty to Schmidt. We affirm.

 In a single point of error, Schmidt argues that the trial court erred in granting
summary judgment because the distributors (1) owed a duty to Schmidt arising from their
participation in creating the harm; (2) are strictly liable to Schmidt for failing to warn consumers
of the dangers of beer consumption; and (3) owed a duty to Schmidt arising from the statute which
prohibits the sale or service of beer to already intoxicated persons. The distributors raise one
cross-point, seeking damages for the taking of an appeal without sufficient cause and for purposes
of delay. Tex. R. App. P. Ann. 84 (Pamph. 1992).

 The distributors are entitled to summary judgment if they demonstrate that there
is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Tex.
R. Civ. P. Ann. 166a (Supp. 1992). All of Schmidt's claims hinge on the threshold question
whether the distributors owed a legal duty to Schmidt, which is a question of law for the court to
decide. Otis Eng'g Corp. v. Clark, 668 S.W.2d 307 (Tex. 1983).



NEGLIGENCE


 Schmidt first argues that the distributors owed him a duty because they contributed
to the creation of a foreseeable risk of injury to him. As a general rule, one person is under no
duty to control the conduct of another, even if he has the practical ability to exercise such control. 
Otis Eng'g, 668 S.W.2d at 309 (citing Restatement (Second) of Torts § 315 (1965)). However,
if a person negligently creates a dangerous situation it becomes his duty to act to prevent injury
to others. Buchanan v. Rose, 159 S.W.2d 109, 110 (Tex. 1942).

 Schmidt claims that appellees created a dangerous situation by providing beer,
indirectly, to the volunteers who injured him. He reasons that by selling beer to Aqua Fest, with
knowledge of the festival's policy of providing free beer to its volunteers, the distributors
participated in creating the harm, thus giving rise to a duty on the part of the distributors to those
whom the volunteers might injure. 

 In support of this argument, Schmidt cites El Chico Corp. v. Poole, 732 S.W.2d
306 (Tex. 1987), in which the supreme court imposed a duty on retailers not to serve alcoholic
beverages to a patron when the retailer knows or should know the patron is intoxicated. Id. at
314. This duty arises out of a retailer's control over the amount of alcohol served and the
statutory requirement to exercise that control. Id. at 315.

 The reasons enumerated in El Chico for imposing a duty on retail establishments
do not apply to wholesale distributors. Distributors have neither a right to control the amount of
alcohol served nor a statutory duty to do so. In fact, distributors are statutorily prohibited from
exercising any control over the retail sales of the beer they distribute. See Tex. Alco. Bev. Code
Ann. §§ 102.01-18 (1978 & Supp. 1992).

 Schmidt argues in particular that the duty to exercise reasonable care in this
instance amounts to a duty to warn consumers of the dangerous effects of over-consumption of
alcohol. This argument was rejected in Morris v. Adolph Coors Co., 735 S.W.2d 578 (Tex. App.
1987, writ ref'd n.r.e.). That case involved the operation of a motor vehicle, but its reasoning
is equally applicable here: the intoxicating effects of the consumption of alcoholic beverages
always have been common knowledge to the ordinary consumer and thus there is no duty to warn. 
Id. at 585; see also Malek v. Miller Brewing Co., 749 S.W.2d 521 (Tex. App. 1988, writ denied).



STRICT LIABILITY


 In order to establish a cause of action for strict liability, the party must prove: (1)
the product was defective; (2) the product reached the consumer without substantial changes in
its condition from the time it was originally sold; (3) the defect rendered the product unreasonably
dangerous; and (4) the unreasonably dangerous defect caused an injury to the consumer.
Restatement (Second) of Torts § 402A (1965); see McKisson v. Sales Affiliates, Inc., 416 S.W.2d
787, 789 (Tex. 1967) (adopting § 402A as the law of Texas). Failure to provide adequate
warnings or instructions may constitute a defect. Lucas v. Texas Indus., 696 S.W.2d 372, 377
(Tex. 1984). However, there is no duty to warn when the danger is a matter of common
knowledge. Restatement (Second) of Torts § 402A, cmt. j (1965).

 Schmidt argues that the wholesale beer distributors had a duty to warn consumers
of the effects of intoxication. He relies on two cases holding manufacturers strictly liable for
failing to warn consumers of the dangers of alcohol consumption. See McGuire v. Seagram and
Sons, Inc., 790 S.W.2d 842 (Tex. App. 1990), rev'd, 814 S.W.2d 385 (Tex. 1991); Brune v.
Brown Forman Corp., 758 S.W.2d 827 (Tex. App. 1988, writ denied).

 Schmidt's reliance on these cases is misplaced. Since the filing of this appeal, the
Texas Supreme Court has reversed McGuire. McGuire, 814 S.W.2d at 385. In its opinion, which
addressed both strict liability and negligence theories, the Texas Supreme Court held that
manufacturers of alcoholic beverages have no duty to warn consumers of the dangers of chronic
alcoholism because such dangers are commonly known. McGuire, 814 S.W.2d at 387-89. 
Comment j to § 402A of the Restatement (Second) of Torts, cited in McGuire, states: 



[A] seller is not required to warn with respect to products or ingredients in them,
which are only dangerous, or potentially so, when consumed in excessive quantity,
or over a long period of time, when the danger, or potentiality of danger, is
generally known and recognized. Again, the dangers of alcoholic beverages are an
example . . . .



Restatement (Second) of Torts, § 402A, cmt. j (emphasis added). Applying this
common-knowledge exception, Texas courts have declined to recognize a duty for manufacturers
to warn of the dangers of driving while intoxicated. Malek, 749 S.W.2d at 521; Morris, 735
S.W.2d at 578.

 Schmidt also relies on Brune, 758 S.W.2d at 827, in which a court of appeals held
a manufacturer of tequila strictly liable for failing to warn a consumer of the dangers of acute
alcohol poisoning. In Brune, the court refused to apply the common-knowledge exception because
the dangers of acute alcohol poisoning are extreme and thus not as commonly known as the
dangers of intoxication. Id. at 831. Indeed, that court stated "[T]here can be no dispute that there
are twelve inches in a foot, that the sun rises in the morning, or even that a person drinking
alcoholic beverages will become intoxicated." Id. (emphasis added).

 Schmidt alleges only that the Aqua Fest volunteers who confronted him were
intoxicated and belligerent. We hold that these effects of alcohol consumption come within the
common-knowledge exception to strict liability and thus that the distributors had no duty to warn
consumers.


DRAM SHOP


 Schmidt also claims that the distributors owed him a duty under section 2.02 of the
Texas Alcoholic Beverage Code, which creates a statutory cause of action against a party who
provides, sells, or serves alcohol to an already intoxicated person, by one later injured by this
intoxicated person. Tex. Alco. Bev. Code Ann. § 2.02 (Supp. 1992); see also El Chico Corp.,
732 S.W.2d at 306. Schmidt concedes he cannot show that the distributors provided beer directly
to the volunteers who injured him.

 Section 2.02 applies to a "provider," who is defined as "a person who sells or
serves an alcoholic beverage . . . to an individual." Tex. Alco. Bev. Code Ann. § 2.01(1) (Supp.
1992). Thus, the statute upon which Schmidt relies does not apply to wholesale beer distributors
under these facts. Furthermore, a cause of action under section 2.02 requires proof that "at the
time the provision occurred it was apparent to the provider that the individual being sold, served,
or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented
a clear danger to himself and others. . . ." Id. § 2.02 (1).

 Schmidt argues that appellees exercised de facto control over the beer provided to
Aqua Fest volunteers in general because agents of the distributors attended the festival with free
passes given to them by Aqua Fest and had reason to know alcohol would be consumed to excess
at the event. This argument has no merit. The fact that appellees' agents may have attended the
multi-day festival does not bestow on them the duty, prohibited by law, to oversee the sale of
alcohol to consumers.

 Because the distributors owed no legal duty to Schmidt under any of the theories
pleaded, Schmidt's point of error is overruled.



CROSS-POINT


 In a cross-point, the distributors seek damages from Schmidt for the taking of an
appeal for delay and without sufficient cause. Tex. R. App. P. Ann. 84 (Pamph. 1992). We
cannot conclude that this appeal was brought for delay and without sufficient cause. Indeed, one
of appellant's primary sources of authority was overruled after he filed this appeal. The cross-point is therefore overruled.

 The trial court's summary judgment is affirmed.



 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and Kidd]

Affirmed

Filed: March 4, 1992

[Publish]