JOSEPH E. SEAGRAM & SONS, INC. et al., Petitioners,

v.

Ronald Wayne McGUIRE et al., Respondents.

No. C–9983.

Supreme Court of Texas.

May 1, 1991. `

Rehearing Overruled Oct. 2, 1991.

Edward H. Green, Michael R. McGown, Weller, Wheelus & Green, Beaumont, John C. Maloney, Jr., James E. Tyrrell, Jr., Pitney, Hardin, Kipp & Szuch, Florham Park, N.J., Rebecca Schupbach, Brown–Forman Corp., Louisville, Ky., Gilbert I. Low, Orgain, Bell & Tucker, Beaumont, Theodore Voorhees, Jr., Covington & Burling, Washington, D.C., Harry M. Reasoner, Clara L. Meek, Erica L. Kennerich, Ernest J. Blansfield, Jr., and Page I. Austin, Vinson & Elkins, Houston, Kent M. Adams, Adams & Duesler, Beaumont, Nancy Ratchford, Michelle E. Robberson, Hopkins & Sutter, Dallas, David W. Ledyard, Richard L. Scheer, Strong, Pipkin, Nelson & Bissell, Beaumont, David W. Ichel, Mark G. Cunha, Michael R. Isby, and David S. Smith, Simpson, Thacher & Bartlett, New York City, O.J. Weber, Mehaffey & Weber, Beaumont, W. James Kronzer, Jr., and David M. Gunn, Law Offices of W. James Kronzer, Houston, for petitioners.

Walter Umphrey, Umphrey, Eddins & Carver, Beaumont, and Robert M. Campbell, Harold W. Nix & Associates, Daingerfield, for respondents.

## OPINION

HIGHTOWER, Justice.

In these consolidated actions, we consider whether manufacturers and distributors of alcoholic beverages have a duty to warn of the danger of developing the disease of alcoholism from prolonged and excessive consumption of their products. The trial court determined that no duty existed and dismissed the actions. The court of appeals reversed and remanded. 790 S.W.2d

842, 850 (1990). We reverse the judgment of the court of appeals and render judgment that plaintiffs take nothing.

### I.

Three separate lawsuits in Jefferson County were consolidated for appeal. The plaintiffs are Ronald Wayne McGuire, John W. Benoit, individually and as representative of the Estate of Eva Mae Benoit, Willie J. Benoit, Roy A. Benoit and Judy M. Galley, and David E. Freeman and Inez Freeman. At the time of suit, Ronald Wayne McGuire was approximately 43 years of age. During the course of his adult life, he consumed alcohol products—specifically Seagram 7. Eva Mae Benoit was 62 years of age at the time of her death. During the course of her adult life, she consumed alcohol products—specifically Seagram 7, Crown Royal, Hiram Walker, Private Cellar and Canadian Mist. At the time of suit, David E. Freeman was approximately 61 years of age. During the course of his adult life, he consumed alcohol products—specifically Canadian Club Whiskey and Calvert Whiskey. Defendants Joseph E. Seagram & Sons, Inc., Hiram Walker Incorporated, Private Cellar Company, d/b/a Medley Distilling Company, Brown–Forman Corp., d/b/a B–F Spirits LTD., Tarrant Distributors, Inc., Lone Star Company and Distilled Spirits Council of the United States, Inc. are manufacturers and wholesale distributors of alcoholic beverages and the manufacturers' trade association.[1] Plaintiffs, who suffer or suffered from the disease of alcoholism,[2] brought suit against Seagram alleging a duty to warn and instruct them of the danger of developing alcoholism from prolonged and excessive consumption of alcoholic beverages. Seagram filed special exceptions to plaintiffs' pleadings asserting, among other things, a failure to state any actionable claims and the absence of any duty to warn consumers of the danger of developing alcoholism because it is commonly known. After affording plaintiffs several opportunities to amend their pleadings, the trial court sustained the special exceptions and dismissed all of plaintiffs' claims with prejudice.

### II.

In determining whether plaintiffs' pleadings state a cause of action, we must assume that all of the alleged material facts are true. *Wheeler v. White*, 398 S.W.2d 93, 95 (Tex.1966). Plaintiffs' lengthy pleadings consist largely of an encyclopedic condemnation of the use of alcohol and its effects. However, the gravamen of their complaint is that they are alcoholics. They allege that they have suffered certain unspecified illnesses, bodily injuries, financial ruin, mental anguish and loss of consortium from their prolonged consumption and resulting addiction to alcoholic beverages during the course of their adult lives. They further allege that while they were drinking alcoholic beverages, Seagram was advertising and promoting the products to increase consumption, to maintain regular customers, to attract new markets and to suppress vital information. At the time suit was filed, Seagram had totally failed to warn consumers (including plaintiffs) of the danger of developing alcoholism related to the prolonged and excessive consumption of their products.[3] Plaintiffs allege

---

1. In this opinion, these parties will be collectively referred to as "Seagram."

2. Alcoholism is a primary, chronic disease characterized by continuous or periodic (1) impaired control over drinking, (2) preoccupation with the drug alcohol and (3) use of alcohol despite adverse consequences and distortions in thinking. American Society of Addiction Medicine and the National Council on Alcoholism and Drug Dependence, Joint Committee to Study the Definition and Criteria for the Diagnosis of Alcoholism (April 26, 1990). Ten percent of the drinking population (those who drink most heavily) consume one-half of all alcoholic beverages consumed in the United States. National Institute on Alcohol Abuse and Alcoholism, Sixth Special Report to U.S. Congress on Alcohol and Health from the Secretary of Health and Human Services 21 (January 1987).

3. In 1988, the United States Congress determined "that the American public should be informed about the health hazards that may result from the consumption or abuse of alcoholic beverages ..." and enacted the Alcohol Beverage Labeling Act. 27 U.S.C.A. §§ 213–219a (1988). Section 215(a) of the Act provides:

that they were unaware of the signs and symptoms of alcoholic addiction and that they relied upon the public advertisements in newspapers, magazines, and on billboards placed by Seagram. These pictorials and writings created the false illusion and false belief that drinking was safe. They further allege that if Seagram had warned plaintiffs or their families and friends that alcohol was an addictive drug and warned them of the signs and symptoms of alcoholism, they would have recognized the addiction and sought medical and psychological help.

Plaintiffs asserted causes of action against Seagram for products liability and misrepresentation under sections 402A and 402B of the Restatement (Second) of Torts, negligence, breach of the implied warranties of merchantability and fitness, violations of the DTPA and conspiracy. The essence of these causes of action is Seagram's alleged duty to warn or instruct of the danger of developing the disease of alcoholism from prolonged and excessive consumption of alcoholic beverages.

## III.

 In Texas, the existence of a duty to warn of the dangers or instruct as to the

proper use of a product is a question of law. *See Munoz v. Gulf Oil Co.*, 732 S.W.2d 62, 65 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.). "A product may be proven to be defective if ... it is unreasonably dangerous because adequate warnings or instructions are not provided." *Lucas v. Texas Industries, Inc.*, 696 S.W.2d 372, 377 (Tex.1984). *See also Bristol–Myers Co. v. Gonzales*, 561 S.W.2d 801, 804 (Tex.1978). Even a product which is safely designed and manufactured may be unreasonably dangerous as marketed because of a lack of adequate warnings or instructions. *Lucas v. Texas Industries, Inc.*, 696 S.W.2d at 377.

Seagram concedes that there are health dangers in drinking too much and too long and, for some people, in drinking at all. However, Seagram nonetheless argues that, as a matter of law, it had no duty to warn or instruct regarding characteristics of its products under any and all circumstances. Seagram's argument is premised upon comments to section 402A of the Restatement (Second) of Torts, principally comment j, which excuses a seller from the duty to warn as to dangers that are "generally known and recognized." [4] These

On or after the expiration of the 12–month period following November 18, 1988, it shall be unlawful for any person to manufacture, import, or bottle for sale or distribution in the United States any alcoholic beverage unless the container of such beverage bears the following statement:

"GOVERNMENT WARNING: (1) According to the Surgeon General, women should not drink alcoholic beverages during pregnancy because of the risk of birth defects. (2) Consumption of alcoholic beverages impairs your ability to drive a car or operate machinery, and may cause health problems."

27 U.S.C.A. § 215(a) (Supp.1990). The Act further provides that "[n]o statement relating to alcohol beverages and health, other than the statement required by section 215 ... shall be required under State law to be placed on any container of an alcoholic beverage, or any box, carton, or other package ... that contains such a container." 27 U.S.C.A. § 216 (Supp.1990). Since we determine that the danger of developing the disease of alcoholism from prolonged and excessive consumption of alcoholic beverages is a matter of common knowledge such that Seagram had no duty to warn or instruct as to that danger, it is unnecessary to consider

whether plaintiffs' causes of action are preempted by the Alcohol Beverage Labeling Act.

**4.** Comment j, entitled "Directions or warning," states in pertinent part:

In order to prevent the product from being unreasonably dangerous, the seller may be required to give directions or warning, on the container, as to its use. The seller may reasonably assume that those with common allergies, as for example to eggs or strawberries, will be aware of them, and he is not required to warn against them. Where, however, the product contains an ingredient to which a substantial number of the population is allergic, and the ingredient is one whose danger is not generally known, or if known is one which the consumer would reasonably not expect to find in the product, the seller is required to give warning against it, if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge, of the presence of the ingredient and the danger. Likewise in the case of poisonous drugs, or those unduly dangerous for other reasons, warning as to use may be required.

*But a seller is not required to warn with respect to products, or ingredients in them, which*

comments appropriately identify alcoholic beverages as an example of a product some of whose dangers may be apparent to the public. Under the Restatement, one selling alcoholic beverages is not, however, excused from warning of all product dangers, but only those of which the public has "common knowledge". *See* Restatement (Second) of Torts § 402A comments i, j (1965). The existence of a duty to warn or instruct in this cause is thus determined by the extent to which the danger of developing the disease of alcoholism from prolonged and excessive consumption of alcoholic beverages is "common knowledge."[5] Encompassed within the term "common knowledge" are those facts that are so well known to the community as to be beyond dispute.[6]

Texas courts have recognized that there is common knowledge among the public of a most obvious danger of alcohol consumption—that intoxicating liquor can cause intoxication and impair the ability of the imbiber to operate a motor vehicle. *Malek v. Miller Brewing Co.*, 749 S.W.2d 521, 524 (Tex.App.—Houston [1st Dist.] 1988, writ ref'd n.r.e.); *Morris v. Adolph Coors Co.*, 735 S.W.2d 578, 583 (Tex. App.—Fort Worth 1987, writ denied); *see also El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex.1987). One court has held that the fatal propensities of acute alcohol poisoning were not, as a matter of law, generally

known to the community. *Brune v. Brown Forman Corp.*, 758 S.W.2d at 831.

From ancient times, the danger of alcoholism from prolonged and excessive consumption of alcoholic beverages has been widely known and recognized. *See generally* G. Austin, *Alcohol in Western Society From Antiquity to 1880: A Chronological History* 3–45 (1985); M. Lender & J. Martin, *Drinking in America: A History* 16–21, 36–40, 44–46, 64–74 (1982). *See also Ex Parte Townsend*, 64 Tex.Crim. 350, 144 S.W. 628, 631–33 (1911). Consequently, we hold that, because the danger of developing the disease of alcoholism from prolonged and excessive consumption of alcoholic beverages is and has been generally known and recognized, it is within the ordinary knowledge common to the community. Therefore, under the limited circumstances present in this cause, Seagram had no duty to warn or instruct of this particular danger arising from the prolonged and excessive consumption of alcoholic beverages.

For the reasons explained herein, we reverse the judgment of the court of appeals and render judgment that plaintiffs take nothing.

---

*are only dangerous, or potentially so, when consumed in excess quantity, or over a long period of time, when the danger, or potentiality of danger, is generally known and recognized.* Again the dangers of alcoholic beverages are an example.... Restatement (Second) of Torts § 402A comment j (1965) (emphasis added).

**5.** Obviously, there is a certain irony in the "common knowledge" defense. Because the pervasive danger of alcoholism from prolonged and excessive consumption of alcoholic beverages is so well known, Seagram has no duty to warn or instruct. However, while Seagram argues that the danger of alcoholism is a matter of common knowledge such that it had no duty to warn or instruct, it continues to spend billions of dollars advertising the consumption of alcoholic beverages as a particularly positive activity. *See* Note, 58 SO.CAL.L.REV. 1107 (1985):

There is ... substantial evidence that alcohol commercials do encourage alcohol use. By

presenting drinkers in carefree social and sexual situations, alcohol commercials connote the harmlessness and acceptability of alcoholic beverages and suggest that alcohol consumption is a particularly positive activity. This visual barrage of attractive and seductive messages infiltrates the audience's consciousness and creates an unconscious presumption in favor of drinking.

*Id.* at 1121–22 (footnotes omitted).

**6.** Because Seagram is asking this court to determine common knowledge as a matter of law, we find the judicial notice rule helpful in providing a standard. Compare 33 S. Goode, O. Wellborn, III & M. Sharlot, Guide to Texas Rules of Evidence § 201.2 (Tex.Prac.1988) (requiring "high degree of indisputability" as prerequisite to judicial notice) with *Brune v. Brown Forman Corp.*, 758 S.W.2d 827, 830–31 (Tex. App.—Corpus Christi 1988, writ denied) ("common knowledge is information known by the public generally based upon indisputable facts").