Roger and Kimberly GILLESPIE, individually, and As Next Friend to minor Lindsey R. Gillespie, deceased, and Roger and Kimberly Gillespie as Representatives of the Estate of Lindsey R. Gillespie, a Minor, Deceased, Appellants,

v.

CENTURY PRODUCTS COMPANY and Gerber Products Company, Appellees.

No. 04–95–00418–CV.

Court of Appeals of Texas, San Antonio.

Nov. 20, 1996.

Rehearing Overruled Nov. 20, 1996.

Douglas A. Allison, Allison & Huerta, Donald B. Edwards, Craig S. Smith, Smith & Edwards, Corpus Christi, for Appellants.

Ruth Greenfield Malinas, Michele Barber Chimene, David M. Prichard, Jeffrey S.

Hawkins, Ball & Weed, P.C., San Antonio, for Appellees.

Before LOPEZ, GREEN and DUNCAN, JJ.

GREEN, Justice.

Appellants' motion for rehearing is overruled. The opinion issued August 7, 1996 is withdrawn and the following is substituted.

This appeal arises from events surrounding a tragic automobile accident which claimed the life of five-month-old Lindsey Rene Gillespie. Roger and Kimberly Gillespie filed suit against Century Products Company ("Century"), the manufacturer of the baby car seat in which Lindsey was riding at the time of the fatal accident, and its parent company, Gerber Products Company,[1] on behalf of themselves, as next friend of Lindsey, and as representatives of Lindsey's estate ("Gillespie"), alleging product defects, negligence, breach of warranty, and Deceptive Trade Practices Act ("DTPA") violations. Apportioning the damages found according to the percentages of responsibility ascertained by the jury, the trial court rendered judgment for the Gillespies in the amount of $29,459.25. We reverse and render judgment that the Gillespies take-nothing.

The jury found both Century and Jeff Cooper, the driver of the vehicle that struck the Gillespie vehicle, negligent, and that Century had violated the DTPA. The jury found Cooper ninety-five percent responsible and Century five percent responsible for Lindsey's death. The Gillespies assert that the trial court abused its discretion by reducing the amount of damages awarded against Century to five percent of the total damages found by the jury, contending the responsibility apportionment as found in response to jury question four pertained only to the negligence issue in question three and not to the DTPA action. The Gillespies maintain that applying the percentage of responsibility to the DTPA finding was error, and that they are entitled to the full amount of the jury's award. The Gillespies also complain the trial court abused its discretion by admitting evidence of Jeff Cooper's prior conviction for impeachment purposes and excluding a statement against interest made by a Century representative. The Gillespies contend that the foregoing errors, individually and collectively, amount to harmful error.

Century cross-appeals complaining the trial court erred by refusing to set aside the jury's answer to question number one and by refusing to render judgment notwithstanding the verdict because the elements outlined in question number one cannot support the finding of a DTPA violation. Century's second, third, and fourth cross-points challenge the legal sufficiency of the evidence showing a causal link between Lindsey's death and any act or omission by Century.

Because the issue of causation is dispositive of this appeal, we proceed directly to a discussion of Century's cross-points two, three and four. The Gillespies' causes of action—DTPA violations, negligence and gross negligence—are all rooted in the theory that Century did not provide proper warnings and instructions for using the car seat made the subject of this suit.

It is undisputed that Century had a duty to provide warnings about the proper installation and use of its car seat. *See Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387 (Tex.1991). It is also undisputed that Lindsey's car seat had two labels, which complied with applicable federal regulations, on both the left and right sides of the car seat explaining how and where the seat was to be installed. Nevertheless, for analysis purposes, we will assume, without deciding, that the warnings and instructions provided to the Gillespies were inadequate.

Kimberly Gillespie testified that she did not read any of the labels on the seat or the manufacturer's shipping box. Roger Gillespie testified that no instruction manual accompanied the car seat, and that when installing the seat he relied only on the label located on the side of the seat which pictured the "typical front outboard seating position (rear-facing)" and the "typical center rear-seating position," the latter picture showing

---

1. The Gillespies stipulated that Century manufactured the car seat in question, and the case proceeded to trial against only that defendant. Gerber Products is not a party to this appeal.

the car seat facing forward. Roger did not read the label on the opposite side of the seat, which instructed the user to place the seat facing toward the rear when being used with infants. Kimberly and Roger both testified that, having read the labels after the accident, the meaning of the labels was clear. Further, Roger stated that had he read the label telling him to place an infant in a rear-facing position, he would have done so.

The case falls squarely within the law as stated in *General Motors Corporation v. Saenz*, 873 S.W.2d 353 (Tex.1993). The dispositive issue here, identical to the issue in *Saenz*, "is whether a manufacturer's failure to give adequate instructions for the safe use of its product can be the cause of an injury which would not have occurred if the instructions the manufacturer did give had not been ignored." *Id.* at 354.

As in *Saenz*, to recover for negligence, the plaintiffs must show that the manufacturer's failure to adequately warn was a proximate cause of Lindsey's death, *see id.* at 357, and to recover under the DTPA, they must show the failure to properly warn was a producing cause of the death.[2] *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 649 (Tex.1996). The element common to each is causation in fact; that is, whether "but for" Century's failure to provide adequate warning labels on the seat and the shipping box and its failure to provide an instruction book, Lindsey's death would not have occurred. *See Union Pump Co. v. Allbritton*, 898 S.W.2d 773, 775 (Tex.1995).

To prove causation in a failure-to-warn case, a plaintiff is aided by a presumption that proper warnings would have made a difference (*i.e.* the warnings would have been followed had they been provided). *Saenz*, 873 S.W.2d at 357–59. However, the presumption operates one way when no warning is provided, and a different way when, as here, a warning was provided, but it is arguably inadequate. *Id.* at 359. In the instance of no warning, it is presumed that proper warnings would have been heeded. *Id.* However, no presumption arises that a plaintiff

"would have heeded a *better* warning when, *in fact,* he paid no attention to the warning given, which if followed would have prevented his injuries." *Id.* at 359 n. 4. If following the warnings and instructions actually provided would have prevented the injury despite the label's inadequacy, the deficiency could not be the cause of any injury. *Id.* at 359. In such a case, the plaintiff may have a different cause of action against the manufacturer (*e.g.* deficient construction), but not one for failure-to-warn.

Looking at the evidence, it is plainly a possibility that no matter which way the seat faced, Lindsey would not have survived. Under that circumstance, however, the adequacy of the warnings is irrelevant because nothing Century did or failed to do could have any bearing on the loss suffered. The only scenario in which the orientation of the car seat makes a difference is if we presume that placing the seat facing the rear of the car would have prevented Lindsey's death. Indeed, two experts, Marshal Paulo, plaintiff's accident reconstruction expert, and Dr. Vincent Di Maio, Bexar County Medical Examiner, testified to that effect.

In this case, because warnings were provided but not read, no presumption arises to assist the Gillespies in proving causation. Therefore, we examine the record for evidence showing a causal link between the alleged inadequate warnings and Lindsey's death. *See Weirich v. Weirich*, 833 S.W.2d 942, 945 (Tex.1992); *Havner v. E–Z Mart Stores, Inc.*, 825 S.W.2d 456, 458 (Tex.1992); W. Wendell Hall, *Revisiting Standards of Review in Civil Appeals*, 24 ST. MARY'S L.J. 1045, 1132–34 (1993). We conclude that there is no such evidence.

As noted, Kimberly testified that she did not read any of the labels or instructions on the car seat or the box. And Roger testified that, when installing the seat in their car, he relied only on the label showing typical forward and rear-facing seat positions. He did not read the label that clearly instructed users to orient the seat in a rear-facing posi-

---

**2.** More accurately, that the failure to adequately warn resulted in the use of the product in a manner for which it was not intended—placing an infant in a forward facing seat—which use in that manner was a proximate or producing cause of Lindsey's death.

tion for infants of Lindsey's size and weight. Further, Roger's own testimony indicates that despite the supposed inadequacy of the labels provided on the car seat, had he read both labels in their entirety he would have placed the car seat in its proper rear-facing position. This admission reveals the adequacy of the existing warnings, and consequently, Century's failure to provide a better warning could not have been a factor causing Lindsey's death.

The Gillespies' argument rests on the theory that had the label which was read adequately warned of how to place infants in the seat, such a warning would have been heeded. But the truth is that the Gillespies simply failed to read all of the warnings that were provided. The Gillespies offered nothing to show that had better warnings been provided the labels would have been read. Accordingly, we conclude there is no evidence in the record tending to support a causal link between the alleged inadequate warnings and Lindsey's death.

Century's second, third, and fourth points of error are sustained. The judgment of the trial court is reversed and judgment is rendered that the Gillespies take-nothing.

DUNCAN, J., concurs in the judgment only.