The RITZ CAR WASH, INC., Appellant,

v.

Matheos KASTIS and Michael Kastis, Appellees.

No. 01–96–01251–CV.

Court of Appeals of Texas, Houston (1st Dist.).

June 11, 1998.

Rehearing Overruled June 29, 1998.

---

Wilton F. Chalker, Houston, for Appellant.

Chris A. Stacy, Houston, for Appellees.

Before SCHNEIDER, C.J., and HEDGES and NUCHIA, JJ.

## OPINION

NUCHIA, Justice.

This is an appeal from a judgment rendered against The Ritz Car Wash, Inc. (Ritz) appellant, for the sum of $125,000 for personal injuries and $38,992.70 in property damage, following a jury trial of a negligence and products liability case. In 18 points of error, appellant attacks the trial court's judgment. We reverse and render.

### FACTS

On August 4, 1992, Bonnie and Charles McCartney purchased gasoline at Ritz in Galveston, Texas. The gasoline contained water and as a result, when the McCartneys left Ritz, their 1992 Chevrolet Astro van did not run well. The McCartneys returned to Ritz, and Ritz contacted the Exxon service station operated by appellee, Michael Kastis. Ritz informed Michael Kastis that there was water in the gas tank and that the tank needed to be drained and cleaned. Michael Kastis towed the McCartneys vehicle to the Exxon service station.

Once the van reached the Exxon service station, Michael Kastis advised Matheos Kastis that the McCartneys gas tank contained gasoline and water. Matheos Kastis proceeded to drain the gas tank by first disconnecting the battery and then placing the van on a lift. Once the van was raised, he tried to remove the gas cap. When he took the gas cap off there was pressure inside and gasoline gushed out of the tank and onto Matheos Kastis. He then jumped back and knocked over a drop light which ignited the gasoline. Matheos Kastis's upper body was badly burned. The fire also damaged the service station.

The jury found in favor of Ritz on the negligence issue. However, on the products liability issue, the jury found there was a defect in the marketing of the gasoline which was a producing cause of the injuries sustained by Matheos Kastis. The jury attributed 50 percent liability to Ritz and 50 percent liability to Matheos Kastis and awarded him $250,000 for his personal injuries. The jury also awarded Michael Kastis $77,985.40 for his property damage claim. Both awards were reduced by half as a result of Matheos Kastis' 50 percent comparative causation.

## Duty to Warn

In its first six points of error, Ritz contends (1) there was no marketing defect as a matter of law, (2) there was no evidence to support the jury's finding of a marketing defect, and (3) there was insufficient evidence to support the jury's finding of a marketing defect.

A marketing defect occurs when a defendant knows or should have known of a potential risk of harm presented by a product but markets it without adequate warning of the danger or providing instructions for safe use. *Sims v. Washex Mach. Corp.*, 932 S.W.2d 559, 562 (Tex.App.—Houston [1st Dist.] 1995, no writ). To establish a theory of recovery based on a marketing defect, a plaintiff must prove: (1) a risk of harm is inherent in the product or may arise from the intended or reasonably anticipated use of the product; (2) the product supplier actually knew or should have reasonably foreseen the risk of harm at the time the product was marketed; (3) the product contains a marketing defect; (4) the absence of a warning and/or instructions renders the product unreasonably dangerous to the ultimate user or consumer of the product; and (5) the failure to warn and/or instruct must constitute a causative nexus in the product user's injury. *Id.* at 562.

The existence of a duty to warn of dangers or to instruct as to the proper use of a product is a question of law. *Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387 (Tex.1991). A manufacturer has no duty to warn a consumer of risks associated with the use of a product when the risks are "generally known and recognized" and are "within the ordinary knowledge common to the community." *Joseph E. Seagram & Sons, Inc.*, 814 S.W.2d at 388; *see also Diggles v. Horwitz*, 765 S.W.2d 839, 842 (Tex.App.—Beaumont 1989, writ denied) (no duty to warn of risks associated with improper use of handgun because "there is no duty to warn of hazards which are obvious or actually known."); *Beans v. Entex, Inc.*, 744 S.W.2d 323, 325 (Tex.App.—Houston [1st Dist.] 1988, writ denied). Encompassed within the term "common knowledge" are those facts so well known to the community as to be beyond dispute. *Joseph E. Seagram & Sons, Inc.*, 814 S.W.2d at 388.

Ritz argues it had no duty to warn Matheos Kastis about the dangers of working with gasoline because the dangers associated with gasoline were well known to Matheos Kastis, and were within the knowledge common to the community. We agree. Here, Matheos Kastis was an expert mechanic with over 40 years experience in working on cars. He had worked on gas tanks numerous times over his lengthy career as a mechanic. As an auto mechanic, Matheos Kastis was certainly aware that gasoline is extremely flammable and can be easily ignited. In fact, he testified that it was important to keep ignition sources away from the gasoline. It would be incongruous for the law to require Ritz to warn Matheos Kastis that gasoline contaminated with water is flammable—not only did Matheos Kastis testify that he was aware that gasoline is flammable but it is well known in the community that gasoline is volatile and must be handled with care. We conclude Ritz had no duty to warn Matheos Kastis of the dangers of gasoline contaminated with water because (1) the dangers were well known to Matheos Kastis and (2) it is indisputable that the flammable nature of gasoline is obvious and well known to the community.

Appellant's first six points are sustained.[1]

We reverse the judgment of the trial court and render judgment that appellees take nothing from appellant, The Ritz Car Wash, Inc.

HEDGES, J., concurring.

HEDGES, Justice, concurring.

I concur with the majority's disposition of this case. I do not disagree with the majority's analysis of the duty to warn that gasoline is dangerous. I disagree that that particular

---

1. Based upon our disposition of Ritz's no duty to warn argument, we do not need to consider the sufficiency of the evidence points.

duty was the duty about which the case was tried.

The record and appellee's brief persuade me that the duty on which plaintiff prevailed at trial was the duty of appellant to warn the McCartneys that the gasoline was tainted with water, not that spilled gasoline in general is dangerous. Had this warning been given, Kastis argued, the McCartneys would not have bought the gasoline, and the inexorable chain of events leading to Kastis's injuries would have been avoided.

I believe that appellant had a duty to warn the McCartneys of the tainted gasoline. I do not believe that appellant is liable to Kastis for breach of that duty. The circumstances surrounding the injuries are too remotely connected with the Ritz's conduct or product to constitute a legal cause of the injuries.

Legal cause is not established if the defendant's conduct or product does no more than furnish the condition that makes the plaintiff's injury possible. *Union Pump Co. v. Allbritton,* 898 S.W.2d 773, 776 (Tex.1995). I believe that the failure to warn the McCartneys that the gas was contaminated did no more than create a condition that made the injuries possible. I conclude that the circumstances surrounding the injuries are too remotely connected with the Ritz's conduct or product to constitute a legal cause of the injuries. *See Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 472 (Tex.1991).