NUMBER 13-03-728-CV

 

                         COURT
OF APPEALS

 

               THIRTEENTH
DISTRICT OF TEXAS

 

                  CORPUS
CHRISTI - EDINBURG

___________________________________________________________________

 

GRACIELA GOMEZ DE HERNANDEZ,
ET AL.,               Appellants,

 

                                           v.

 

NEW TEXAS AUTO AUCTION SERVICES, L.P.,

D/B/A BIG H AUTO AUCTION,                                     Appellee.

___________________________________________________________________

 

                  On
appeal from the 332nd District Court

                           of Hidalgo County, Texas.

___________________________________________________  _______________

 

                              O
P I N I O N[1]

 








       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez 

 

This appeal
arises from a summary judgment granted in favor of appellee, New Texas Auto
Auction Services, L.P., d/b/a Big H Auto Auction, in a products liability
action.  By five issues, appellants,
Graciela Gomez de Hernandez, individually, as personal representative of the
estate of Jose Angel Hernandez Gonzales, and as next friend of her children,
Jose Angel Hernandez Gomez and Elizabeth Hernandez Gomez, Victor Manuel
Maldonado Castanon, Pedro Alfonso Castillo Cardenas, Jacinto Loyde Frayde,
Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez, and Juan Lorenzo
Gutierrez Hernandez, contend the trial court erred in granting summary judgment
on any of the grounds urged in appellee's motion for summary judgment,
including that (1) appellee was an intermediate seller not subject to
liability, (2) auctioneers have no liability for auctioning defective products,
(3) appellee complied with the applicable standard of care for auction houses
as a matter of law, (4) appellants were required to tender expert evidence on
the applicable standard of care, and (5) appellee owed no duty to warn of the
defects at issue because they were generally known to foreseeable users.  We reverse and remand.

I.  Background








Graciela Gomez de
Hernandez, individually, as personal representative of the estate of her
husband Jose Angel Hernandez Gonzales, and as next friend of her children, Jose
Angel Hernandez Gomez and Elizabeth Hernandez Gomez, Arely Hernandez, Olvido
Hernandez, and Juan Hernandez[2]
filed the underlying products liability suit against Bridgestone Corporation,
Bridgestone/Firestone North American Tire, L.L.C., f/k/a Bridgestone/Firestone,
Inc., Ford Motor Company, New Texas Auto Auction Services, L.P., d/b/a Big H
Auto Auction, Houston Auto Auction, Inc., (HAA) and Eleazar Perez d/b/a
Progresso Motors (PM), asserting multiple theories of products liability.  Victor Manuel Maldonado Castanon, Pedro
Alfonso Castillo Cardenas, Jacinto Loyde Frayde, Guillermo Mujica Gutierrez,
Marta Covarrubias Gutierrez, and Juan Lorenzo Gutierrez Hernandez intervened in
the lawsuit as plaintiffs.  See Tex. R. Civ. P. 60.

Plaintiffs
alleged that defendants were responsible for the death of Jose Angel Hernandez
Gonzalez, who died in an automobile accident on August 12, 2001.  Gonzalez, at the time of the accident, was
driving a 1993 Ford Explorer equipped with Firestone ATX tires.  Plaintiffs asserted that one of the vehicle's
tires failed and that the failure of the tire caused Gonzalez to lose control
of the vehicle, resulting in the rollover of the vehicle and his death.








Gonzalez purchased
the Ford Explorer from defendant PM on October 28, 2000.  PM obtained the vehicle in question from
defendant HAA on October 25, 2000.  HAA
bought the vehicle from appellee on October 17, 2000.  At the time that HAA purchased the vehicle
from appellee, appellee's name appeared on the vehicle's certificate of title
as its owner.  In the trial court below,
appellee filed a motion for summary judgment, which the trial court
granted.  For purposes of finality, the
trial court severed the summary judgment from the underlying lawsuit into cause
number C-093-02-F(1).

II.  Motion for Summary Judgment

A.  Standard of Review








A hybrid motion
for summary judgment includes traditional and no-evidence summary judgment
arguments.  See Young Ref. Corp. v.
Pennzoil Co., 46 S.W.3d 380, 385 (Tex. App.BHouston
[1st Dist.] 2001, pet. denied).  We
review the granting of a traditional motion for summary judgment de novo.  Branton v. Wood, 100 S.W.3d 645, 646
(Tex. App.BCorpus Christi 2003, no pet.) (citing Natividad
v. Alexsis, Inc., 874 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank
Rio Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.BCorpus Christi 2000, pet. denied)).  To prevail, the movant has the burden of
showing that there is no genuine issue of material fact and that he is entitled
to judgment as a matter of law.  Id.
(citing Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991)).  Only when the movant meets this burden does
the burden shift to the nonmovant to raise a genuine issue of material
fact.  See M.D. Anderson Hosp. v.
Willrich, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam); City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979).  In determining whether there is a genuine
issue of material fact, evidence favorable to the nonmovant is taken as true,
and all reasonable inferences and doubts are resolved in favor of the
nonmovant.  Branton, 100 S.W.3d at
646.  A traditional summary judgment is
proper if the movant conclusively disproves at least one element of each of the
plaintiff's causes of action or conclusively establishes each element of an
affirmative defense to each of the plaintiff's claims.  Id.; Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995) (per curiam).

In reviewing a
no-evidence summary judgment, we apply the same legal sufficiency standard that
is applied in reviewing directed verdicts. 
Zapata v. Children's Clinic, 997 S.W.2d 745, 747 (Tex. App.BCorpus Christi 1999, pet. denied).  We view the evidence in the light most
favorable to the nonmovant and disregard all contrary evidence and
inferences.  Id. (citing Merrell
Dow Pharm., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997); Moore v.
Kmart Corp., 981 S.W.2d 266, 269 (Tex. App.BSan
Antonio 1998, pet. denied)).  Unless the
nonmovant brings forth more than a scintilla of probative evidence to raise a
genuine issue of material fact, the trial court must grant a no-evidence
summary judgment.  Id.; Tex. R. Civ. P. 166a(i).

When, as in this
case, a trial court's order granting summary judgment does not state the
grounds upon which it was granted, the judgment must be affirmed if any of the
grounds advanced in the summary judgment motion are meritorious.  Branton, 100 S.W.3d at 647 (citing Carr
v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989); Boren v. Bullen, 972
S.W.2d 863, 865 (Tex. App.BCorpus Christi 1998, no pet.)).

B.  The Law of Products Liability








In a products
liability action, the plaintiff may proceed on a theory of strict liability,
negligence, misrepresentation, breach of warranty, or on any other theory or
combination of theories.  See Tex. Civ. Prac. & Rem. Code Ann. ' 82.001(2) (Vernon 2005).  In the instant case, appellants based their
products liability claim against appellee on strict products liability[3]
and negligence theories.[4]

1.  Strict Liability Theory

Texas has adopted
section 402A of the Restatement (Second) of Torts with respect to claims for
strict products liability.  Firestone
Steel Prods. Co. v. Barajas, 927 S.W.2d 608, 613 (Tex. 1996) (citing Restatement (Second) of Torts ' 402A (1965); Lubbock Mfg. Co. v. Sames, 598
S.W.2d 234, 236 (Tex. 1980); Armstrong Rubber Co. v. Urquidez, 570
S.W.2d 374, 375-76 (Tex. 1978)).  Section
402A provides the following:

(1) one who sells any product in a defective
condition unreasonably dangerous to the user or consumer or to his property is
subject to liability for physical harm thereby caused to the ultimate user or
consumer, or to his property if:

 

(a) the seller is engaged in the business of selling
such a product, and

 

(b) it is expected to and does reach the user or
consumer without substantial change in the condition in which it is sold.

 

Restatement
(Second) of Torts ' 402A (1965).













In addition, the
Texas Supreme Court has held that a defendant does not have to actually sell
the product at issue to incur liability; rather, introducing the product into
the stream of commerce is sufficient for strict liability to attach.  Firestone Steel Prods. Co., 927 S.W.2d
at 613.  The Texas Legislature has also
codified this principle by defining a seller as "a person who is engaged
in the business of distributing or otherwise placing, for any commercial
purpose, in the stream of commerce for use or consumption a product or any
component part thereof."[5]  Tex.
Civ. Prac. & Rem. Code Ann. ' 82.001(3) (Vernon 2005).  Thus, in order to recover for an injury based
on strict products liability, the plaintiff bears the burden of proving that
the defendant (1) placed a product in the stream of commerce, (2) that such
product was in a defective or unreasonably dangerous condition, and (3) that
there was a causal connection between such condition and the plaintiff's
injuries or damages.  See Restatement (Second) of Torts ' 402A (1965); see also Tex. Civ. Prac. & Rem. Code Ann. ' 82.001(2) (Vernon 2005); Firestone Steel Prods.
Co., 927 S.W.2d at 613; Houston Lighting & Power Co. v. Reynolds,
765 S.W.2d 784, 785 (Tex. 1988).  In
addition, when a plaintiff in a products liability suit alleges a design
defect, the plaintiff must also prove by a preponderance of the evidence that
(1) there was a safer alternative design, and (2) the defect was a producing
cause of the personal injury, property damage, or death for which the claimant
seeks recovery.  Tex. Civ. Prac. & Rem. Code Ann. ' 82.005(a) (Vernon 2005).

2.  Negligence Theory

To prevail on a
products liability claim based on negligence, a plaintiff must prove (1) a
legal duty owed by the defendant, (2) a breach of that duty, and (3) damages
proximately resulting from the breach.  See
Firestone Steel Prods. Co., 927 S.W.2d at 613 (citing Greater Houston
Transp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990)).  Whether a duty exists is a question of
law.  Id. (citing Joseph E.
Seagram & Sons v. McGuire, 814 S.W.2d 385, 387 (Tex. 1991); Greater
Houston Transp. Co., 801 S.W.2d at 525).

C.  Analysis

1.  Strict Liability Theory








By their second
issue, appellants contend the trial court erred in granting summary judgment if
it was based on the ground that auctioneers are not subject to strict liability
for auctioning defective products.  In
its motion for summary judgment, appellee argued that auctioneers are excluded
from the definition of "seller," and therefore, are not subject to
strict liability.  We construe appellee's
argument as an attempt to disprove the first element of appellants' strict
products liability claim.  See Houston
Lighting & Power Co., 765 S.W.2d at 785 (providing that the first
element in a strict products liability claim requires a plaintiff to prove that
the defendant placed a product in the stream of commerce).  However, because Texas law does not require
the defendant to actually sell the product, but instead requires only that the
defendant be responsible for introducing the product into the stream of commerce,
see Tex. Civ. Prac. & Rem.
Code Ann. ' 82.001(3) (Vernon 2005); Firestone Steel Prods.
Co., 927 S.W.2d at 613, appellee's attempt to characterize an auctioneer as
a non-seller does not conclusively disprove the first element of appellants'
strict products liability claim.[6]  See Cathey, 900 S.W.2d at 341; Houston
Lighting & Power Co., 765 S.W.2d at 785.  Rather, appellee would have had to
conclusively disprove that it introduced the vehicle and tire in question into
the stream of commerce.  See Cathey,
900 S.W.2d at 341; Houston Lighting & Power Co., 765 S.W.2d at 785.  Therefore, we conclude appellee failed to
establish that it was entitled to judgment as a matter of law on this
basis.  See Tex. R. Civ. P.
166a(c); M.D. Anderson Hosp., 28 S.W.3d at 23; City of Houston,
589 S.W.2d at 678; Branton, 100 S.W.3d at 646.  As a result, summary judgment, if based on
this ground, was improper.  We sustain
appellants' second issue. 

2.  Negligence Theory

By their four
remaining issues, appellants contend that the trial court erred in granting
summary judgment if it was based on any of the four grounds urged by appellee
in its motion for summary judgment with respect to their negligence theory of
products liability.








Through their
first issue, appellants contend the trial court erred in granting summary
judgment based on the ground that appellee was an intermediate seller not
subject to liability.  In its motion for
summary judgment, appellee argued that intermediate sellers have no duty to
ultimate consumers for selling vehicles with defects.  However, appellee provided no
summary judgment evidence setting out that intermediate sellers have no duty
with respect to selling vehicles with defects. 
In fact, appellee acknowledged in its motion that there are no Texas
cases addressing the specific fact pattern presented in this case.  In addition, the only support for appellee's
assertion of non-liability was its reference to three cases from out-of-state
courts, which are not directly on point and which do not carry precedential
value in this Court.[7]  Therefore, we find that appellee failed to
conclusively disprove the element of duty in appellants' negligence
theory.  See Cathey, 900 S.W.2d at
341.  As a result, we conclude that
appellee failed to prove that it was entitled to judgment as a matter of law on
this ground. See Tex. R. Civ. P. 166a(c); M.D.
Anderson Hosp., 28 S.W.3d at 23; City of Houston, 589 S.W.2d at 678;
Branton, 100 S.W.3d at 646.  We
sustain appellants' first issue.













By their third
issue, appellants contend the trial court erred in granting summary judgment
based on the ground that appellee complied with the applicable standard of care
for auctioneers.  In its motion for
summary judgment, appellee argued that it was not liable for negligence because
it complied with the applicable standard of care for auctioneers.  We construe appellee's summary judgment
argument as an attempt to disprove the second element of appellants' negligence
claim, that of breach of duty.  See
Firestone Steel Prods. Co., 927 S.W.2d at 613.  To support its assertion, appellee attached
to its motion the affidavit of Shauna Johnston, its office manager.  In the affidavit, Ms. Johnston stated that
when a vehicle goes on the auction block, a green, yellow, or red light is
activated, indicating the seller's representations regarding the condition of
the vehicle; a red light indicates that the vehicle is being sold as is and
that the seller is making no representations regarding the condition of the
vehicle.  She also stated that "Big
H merely relays the seller's representations to the commercial dealers gathered
to make bids; Big H makes no representations of its own."[8]  Ms. Johnston further stated that the vehicle
in question was sold under a red light, indicating that it was being sold as is
and without any representations regarding its condition.  However, at no time in Ms. Johnston's
affidavit does she indicate what representation the seller directed appellee to
make in relation to the sale of the Ford Explorer at issue.  Moreover, at no time does Ms. Johnston state
in her affidavit that appellee satisfied its standard of care by correctly
relaying the seller's representation to the commercial dealers gathered to bid
on the vehicle in question.  Therefore,
appellee's summary judgment evidence failed to conclusively disprove the
element of breach of duty with respect to appellants' negligence claim.  See Cathey, 900 S.W.2d at 341.  As a result, appellee failed to prove that it
was entitled to judgment as a matter of law based on this premise.  See
Tex. R. Civ. P.
166a(c); M.D. Anderson Hosp., 28 S.W.3d at 23; City of Houston,
589 S.W.2d at 678; Branton, 100 S.W.3d at 646.  Accordingly, we sustain appellants' third
issue.

Through their
fourth issue, appellants contend that the trial court erred in granting summary
judgment based on the ground that appellants failed to tender evidence from an
expert setting out the applicable standard of care.  In its motion for summary judgment, appellee
asserted, on a no evidence ground, see Tex.
R. Civ. P. 166a(i), that appellants provided no expert testimony
indicating the standard of care for auction houses required appellee to warn
about or repair the vehicle and tire at issue.  We construe appellee's argument as
asserting that there is no evidence on the element of duty in appellants'
negligence claim because the applicable standard of care was not set out by
expert evidence.  Thus, the issue we must
address is not whether there is a duty to warn about or repair the defects at
issue, but whether expert evidence is required to set out appellee's standard
of care and duty in this instance.[9]








The Texas Supreme
Court has held that expert testimony is required when the alleged negligence is
of such a nature as not to be within the experience of the average layman.  FFE Transp. Servs., Inc. v. Fulgham,
154 S.W.3d 84, 90-91 (Tex. 2004) (citing Roark v. Allen, 633 S.W.2d 804,
809 (Tex. 1982) (holding that diagnosis of skull fractures is not within the
experience of the layman); Turbines, Inc. v. Dardis, 1 S.W.3d 726, 738
(Tex. App.BAmarillo 1999, pet. denied) (holding that inspection
and repair of an aircraft engine are not within the experience of the layman); Hager
v. Romines, 913 S.W.2d 733, 734-35 (Tex. App.BFort
Worth 1995, no writ) (holding that operation of an aircraft and aerial
application of herbicide are not within the experience of the layman)).  These cited cases involve the use of
specialized equipment and techniques that we would not expect the average
layman to have experience in or to understand. 
See FFE Transp. Servs., Inc., 154 S.W.3d at 91; J.D. Abrams,
Inc. v. McIver, 966 S.W.2d 87, 93 (Tex. App.BHouston
[1st Dist.] 1998, pet. denied).  The
instant case involves the sale of a used car by a used car auction house.  We cannot conclude that participating in a
used car auction is outside the common experience and understanding of the
average layman.[10]  Furthermore, the applicable standard of care
for a used car auction house as it relates to the element of duty in a
negligence claim is not so complex as to require testimony from an expert to
fully explain and develop it.  See
J.D. Abrams, Inc., 966 S.W.2d at 93. 
Therefore, based on the facts, we conclude that an expert witness is not
necessary to establish appellee's standard of care and duty in this case.  Because an expert witness is not necessary in
this instance, we conclude that the granting of summary judgment, if premised
on this ground, was improper.  We sustain
appellants' fourth issue.













By their fifth
issue, appellants contend the trial court erred in granting summary judgment
based on the ground that appellee had no duty to warn because the
defects at issue were obvious to the ordinary consumer.[11]  See Hanus v. Tex. Utils. Co, 71 S.W.3d
874, 880-81 (Tex. App.BFort Worth 2002, no pet.) (providing that negligence
law does not require warnings against obvious risks or those within the common
knowledge of the ordinary consumer) (citing Sauder Custom Fabrication, Inc.
v. Boyd, 967 S.W.2d 349, 351 (Tex. 1998); Joseph E. Seagram & Sons,
Inc., 814 S.W.2d at 387-88; Morris v. Adolph Coors, Co., 735 S.W.2d
578, 585 (Tex. App.BFort Worth 1987, writ ref'd n.r.e.); Restatement (Second) of Torts ' 388 cmt. k (1965); Restatement (Third) of Torts: Liability for Harm (Basic
Principles) ' 18 cmt. f (Tentative Draft No. 1, 2001)).  In its motion for summary judgment, appellee
argued that it had no duty to warn because the foreseeable product users knew
about the recall of Firestone ATX tires used on Ford Explorers.[12]  However, appellee failed to produce summary
judgment evidence establishing that the defects in question were known by the
foreseeable product users, that is, that they were obvious to the ordinary
consumer, when it sold the Ford Explorer at issue.  See id.  Without this summary judgment evidence,
appellee could not conclusively disprove the element of duty in appellants'
negligence claim.  See Cathey, 900
S.W.2d at 341.  Therefore, appellee did
not meet the burden of proving that it was entitled to judgment as a matter of
law on this basis.  See Tex.
R. Civ. P. 166a(c); M.D. Anderson Hosp., 28 S.W.3d at 23; City
of Houston, 589 S.W.2d at 678; Branton, 100 S.W.3d at 646.  Thus, to the extent the summary judgment was
based on this ground, it was improper.  We
sustain appellants' fifth issue.

III.  Conclusion

Accordingly, we
reverse the judgment of the trial court and remand for further proceedings.                                                                                 

NELDA
V. RODRIGUEZ

Justice

 

Opinion delivered and
filed 

this 6th day of April,
2006.

 











[1]On June 16, 2005, we granted
appellants' motion to consolidate this appeal, cause number 13-03-00728-CV,
with cause number 13-04-00412-CV. 
However, due to the nature of the cases, two opinions will be handed
down.  For the text of the second
opinion, see Graciela Gomez de Hernandez, Individually, as Personal
Representative of the Estate of Jose Angel Hernandez Gonzales, and as Next
Friend of Her Children, Jose Angel Hernandez Gomez and Elizabeth Hernandez
Gomez, Victor Manuel Maldonado Castanon, Pedro Alfonso Castillo Cardenas,
Jacinto Loyde Frayde, Guillermo Mujica Gutierrez, Marta Covarrubias Gutierrez,
and Juan Lorenzo Gutierrez Hernandez v. Bridgestone/Firestone North American
Tire, L.L.C., f/k/a Bridgestone/Firestone, Inc., Ford Motor Company, Houston
Auto Auction, Inc., and Eleazar Perez d/b/a Progresso Motors, No.
13-04-00412-CV, 2006 Tex. App. LEXIS ___ (Tex. App.BCorpus Christi Apr. 6, 2006, no
pet. h.).





[2]After plaintiffs perfected their
appeal from the trial court's granting of summary judgment, plaintiffs Arely
Hernandez, Olvido Hernandez, and Juan Hernandez entered into a confidential
settlement agreement with appellee.  As a
result, the parties to the settlement filed a joint motion to dismiss their
appeal as to each other, which we granted under cause number
13-04-00558-CV.  Therefore, Arely
Hernandez, Olvido Hernandez, and Juan Hernandez are not participants in the
present appeal.

 





[3]Appellee, in its reply brief,
asserts for the first time that appellants did not plead a products liability
action premised on a theory of strict liability.  However, appellee's remedy was to raise this
issue by special exception in the trial court, which it did not do.  See Tex.
R. Civ. P. 90.  Therefore, it is
not before us. 





[4]We also note that plaintiffs
alleged breach of warranty in their petition. 
Although plaintiffs titled that section of their petition "Breach
of Warranty by a Manufacturer," the allegations in that section did not
include language that limited the claim to the defendant manufacturers.  Nevertheless, the breach of warranty claim
was not addressed in the motion for summary judgment and has not been raised in
this appeal; therefore, it is not before us. 





[5]The Texas Legislature has placed
limitations on the liability of nonmanufacturing sellers.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 82.003 (Vernon 2005). 
However, the limitations apply only to causes filed on or after
September 1, 2003.  See Act
approved June 11, 2003, 78th Leg., R.S., ch. 204, '' 5.02, 23.02, 2003 Tex. Gen. Laws
847, 860-62, 898.  Because appellants'
claim was filed prior to September 1, 2003, the limitations found in section
82.003 do not apply to this case.  See
id.; Tex. Civ. Prac. & Rem.
Code Ann. ' 82.003 (Vernon 2005).





[6]In making its argument that
auctioneers are not "sellers," appellee relied heavily on section 20,
comment g of the Restatement (Third) of Products Liability.  See Restatement
(Third) of Products Liability ' 20 cmt. g (1998). 
However, Texas has not adopted section 20, comment g of the Restatement
(Third) of Products Liability.  Instead,
Texas law clearly states that section 402A of the Restatement (Second) of Torts
governs with respect to strict products liability claims.  Firestone Steel Prods. Co. v. Barajas,
927 S.W.2d 608, 613 (Tex. 1996) (citing Restatement
(Second) of Torts ' 402A (1965); Lubbock Mfg. Co.
v. Sames, 598 S.W.2d 234, 236 (Tex. 1980); Armstrong Rubber Co. v.
Urquidez, 570 S.W.2d 374, 375-76 (Tex. 1978)).





[7]At this time, we decline to adopt
the holdings in the cases referenced by appellee.





[8]We assume, without determining, for
purposes of this ground for summary judgment only, that appellee's standard of
care was to relay a seller's representations to the commercial dealers gathered
to make bids on a vehicle and not to make any representations of its own.





[9]We are not asked to determine
whether there is a duty for used car auction houses to warn about or repair
defects in a vehicle or tire.  Therefore,
we assume, without determining, for purposes of this ground for summary
judgment only, that this is the applicable duty. 





[10]Although appellee allegedly sells
vehicles only to licensed dealers, its business is not so distinct from a used
car auction that also sells vehicles to the public so as to remove it from the
common experience and understanding of the average layman.





[11]In addressing this issue, we are
not asked to determine whether appellee had a duty to warn of the defects at
issue.





[12]We note that we do not determine on
appeal whether common knowledge of a recall of a product constitutes common
knowledge of risks associated with that product.  See Hanus v. Tex. Utils. Co, 71 S.W.3d
874, 880-81 (Tex. App.BFort Worth 2002, no pet.)
(providing that negligence law does not require warnings against obvious risks
or those within the common knowledge of the ordinary consumer) (citing Sauder
Custom Fabrication, Inc. v. Boyd, 967 S.W.2d 349, 351 (Tex. 1998); Joseph
E. Seagram & Sons, Inc., 814 S.W.2d at 387-88; Morris v. Adolph
Coors, Co., 735 S.W.2d 578, 585 (Tex. App.BFort Worth 1987, writ ref'd
n.r.e.); Restatement (Second) of Torts
' 388 cmt. k (1965); Restatement (Third) of Torts: Liability for Harm (Basic Principles) ' 18 cmt. f (Tentative Draft No. 1,
2001)).