IN THE SUPREME COURT OF TEXAS






IN THE SUPREME COURT OF TEXAS
 
════════════
No. 04-0460
════════════
 
The State of Texas and the 
Texas Parks and Wildlife Department, Petitioners,
 
v.
 
Ricky Shumake and Sandra 
Shumake, Individually and as Personal Representative of the Estate of Kayla 
Shumake, Deceased, 
Respondents
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Third District of 
Texas
════════════════════════════════════════════════════
 
 
Argued April 12, 
2005
 
 
Justice Brister, dissenting.
No one needs 
to be warned that it is dangerous for a nine-year-old child to go tubing in a 
rushing river during high water. Because the Court holds the State must do so or 
pay the consequences, I respectfully dissent. 
Nature is not 
safe. In many instances, that is its beauty. We can make a river safer by 
removing every rock and posting warning signs every 50 feet, but it is no longer 
a river — it is a waterpark. We can make a bridge safer by creating higher and 
longer spans, but only at some cost in both dollars and scenic beauty. 
The 
Recreational Use Statute favors leaving things as they are, but encouraging 
people to enjoy them nonetheless. The unstated but unavoidable cost of this 
choice is that some users will be seriously injured, and some even killed, as 
Kayla Shumake was. But the statute does not make an exception for serious injury 
or death; indeed, the potential liability in precisely those cases is what 
tempts landowners to keep the State’s scenic beauty to themselves. The only 
exception the statute makes is for willful or wanton acts or gross negligence. 
See Tex. Civ. Prac. & Rem 
Code § 75.002(a).
Here, the 
Shumakes alleged the State knew “one or more persons had almost drowned because 
of the undertow at or near the same spot where Kayla Shumake drowned,” and was 
grossly negligent because it “failed to block swimmer’s [sic] even though it 
knew that swimmers were subject to being sucked under the water into the 
culvert.” This presents the stark choice: if one person “almost drowns” at a 
beach, lake, or swimming hole, must the State block swimmers in the future so it 
never happens again? I would hold the State cannot be grossly negligent in 
refusing to do so.
The Court 
says the State need not warn of or make safe natural conditions like a rushing 
river, but must do so here because it created a condition that recreational 
users would not expect to encounter. But those who tube in Texas rivers (unlike 
the Court) frequently encounter low-water crossings and culverts, often 
obstructed by debris, and must know that floating into such a hazard can be very 
dangerous. Further, because such rivers tend to be swift (few tube in ponds), 
visitors must reasonably expect to encounter strong currents that can pin a 
boat, canoe, or swimmer against any number of natural and artificial 
obstacles.
JUSTICE 
WAINWRIGHT skirts the statutory limitations by saying the State did not prove 
the river was rushing or that the Shumakes knew about undertow at this 
particular spot. But the unreasonably dangerous condition the Shumakes alleged 
was “the powerful flow of the elevated water level”; that they did not 
anticipate the details of what might occur does not mean the danger was not 
obvious. See Joseph E. Seagram & Sons, Inc. v. McGuire, 814 S.W.2d 
385, 388 (Tex. 1991). Because the statute says nothing about what dangers are 
obvious (merely incorporating our own common law of trespass), we cannot blame 
the Legislature for making us decide this was not an obvious danger.
The people of 
Texas face a choice with respect to wild lands: we can leave them like they are 
and trust visitors to use reasonable caution, or we can flatten them and fill 
them with signs for the safety of those few who might not. The Recreational Use 
Statute favors the former. Because today’s decision does not, I respectfully 
dissent.
 
 
________________________________
Scott 
Brister
Justice
 
OPINION 
DELIVERED: June 23, 2006