# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-24-00021-CV

**Anthony Garza, Appellant**

**v.**

**Fesco Distributors, Appellee**

### FROM THE 261ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-23-001560, THE HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anthony Garza, appearing pro se before the trial court and this Court, appeals from the trial court's final judgment granting Fesco Distributors' no-evidence motion for summary judgment on Garza's products-liability claim.[1]  For the following reasons, we affirm the judgment.

### BACKGROUND

In his live petition, Garza sought monetary damages for physical injuries he sustained allegedly resulting from Fesco's negligent design and manufacturing for sale a "Charge Worx" USB phone charger.  Garza alleged that the charger caused him bodily harm when it

---

[1] We hold pro se litigants to the same procedural standards as we do litigants represented by counsel to avoid giving pro se litigants an unfair advantage.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).  However, we will read the briefs liberally so as to obtain a just, fair, and equitable adjudication of the parties' rights.  *See Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

caught on fire in his bedroom, causing him to lean out of bed to try to extinguish the fire, which caused him to fall out of bed and severely injure his shoulder and neck. Garza alleged that he purchased the charger from HEB and had his phone connected to the charger, which was plugged into a power strip that was plugged into an AC adapter at a wall outlet.

Fesco filed an answer and general denial and later filed a no-evidence motion for summary judgment in which it asserted that, after an adequate time for discovery, Garza had produced no competent summary-judgment evidence that the USB charger (a) was negligently designed, manufactured, or sold by Fesco; (b) was defective in any way; or (c) caused the fire. *See* Tex. R. Civ. P. 166a(i); *see Joseph E. Seagram & Sons, Inc. v. McGuire*, 814 S.W.2d 385, 387 (Tex. 1991) (setting out elements required to prove defective product, including that it was unreasonably dangerous as manufactured or designed or due to having inadequate warnings or instructions); *Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 376 (Tex. 1978) (noting that plaintiff has burden of proving causal connection between defective product and injuries); *see also Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 311 (Tex. 2009) (setting out elements of design-defect claim, including that defect was producing cause of injury).

Garza filed a response to the motion, to which he attached several photographs and exhibits, all of which were unauthenticated by affidavit or otherwise. *Cf.* Tex. R. Civ. P. 166a(f) (requiring documents submitted as summary-judgment proof to be sworn to or certified); *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, pet. denied) ("Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as summary judgment evidence."); *see also* Tex. R. Evid. 901(a) ("To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it

2

is."). The photographs depicted the allegedly burned portion of Garza's USB charger (without indication of the product brand or manufacturer), a singed power strip, a singed wall adapter, an unopened package containing a USB charger imprinted with the brand "Charge Worx," and the side of a USB charger package imprinted with the brand "Charge Worx" and the text "Designed by Fesco, Brooklyn, NY." The other documents included summaries of recurring nightmares Garza has allegedly suffered since the fire and apparent printouts from the United States Consumer Product Safety Commission's website noting that Target had recalled the "heyday" brand of USB chargers due to shock and fire hazard. In its reply to Garza's response, Fesco filed a motion to strike most of Garza's evidence for being irrelevant and lacking any probative value. After a non-evidentiary hearing, the trial court granted Fesco's motion, and Garza then perfected this appeal.

## DISCUSSION

A no-evidence motion for summary judgment is essentially a motion for pretrial directed verdict, requiring the nonmoving party to present evidence raising a genuine issue of material fact supporting each element contested in the motion. *Timpte Indus.*, 286 S.W.3d at 310. In reviewing a no-evidence summary judgment, the appellate court must review the evidence presented in response to the motion in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.* A no-evidence motion is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element

3

of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

In the two substantive pages of his brief, Garza contends that the trial court "misunderstood the concept of electricity and how it works," including "how a short starts and then wires get hot and a spark turns into fire." He argues that because the summary-judgment hearing was conducted virtually, the trial court was unable to get a close look at his exhibits, some of which were in black-and-white but would have provided a "better look" had they been in color. He further argues that his expert witness's report opined that an "electrical short on the wiring . . . started the fire." Garza attached to his brief a document signed by his purported expert witness, Brian Hicks, who opined that the fire was likely caused by a short in the USB cord, specifically by exposed copper wires. Hicks qualified this opinion, however, by stating that he could not determine "whether the metal protective 'wrap' around the cable penetrated the wires or . . . was faulty when built, or became faulty due to other circumstances."

We first observe that although Garza attached Hicks's half-page report to his appellate brief, he did not attach it to his response to the summary-judgment motion. Also, while he discussed Hicks's report at the summary-judgment hearing, representing that he had filed it with the court "over the holidays" shortly before the hearing, the record does not reflect that he filed it with the court at least seven days before the hearing or thereafter on leave of the court or that the court admitted it at the hearing.[2] *Cf.* Tex. R. Civ. P. 166a(c) (requiring nonmovant to file and serve opposing affidavits or other written response no later than seven days before hearing except on leave of court). However, even had Garza timely filed the report or filed it late with leave of court, the report does not raise a genuine issue of material fact on the challenged

_____

[2] The hearing occurred January 3, 2024.

4

element of causation. Furthermore, none of Garza's remaining evidence that was timely submitted in opposition to Fesco's no-evidence motion was authenticated or raised a genuine issue of material fact as to causation or as to Fesco's alleged design, manufacture, or sale of the subject USB charger. Finally, Garza's contentions about the trial court's "misunderstanding" of electricity and its inability to get a "close look" at the evidence due to the virtual hearing are not relevant to the controlling issue on appeal: whether Garza's evidence raised a genuine issue of material fact on the challenged elements of his claims. *See* Tex. R. Civ. P. 166a(c), (i). Accordingly, the trial court did not err in granting Fesco's no-evidence motion for summary judgment.

## CONCLUSION

Having overruled Garza's issues, we affirm the final judgment.

_____

Karin Crump, Justice

Before Justices Theofanis, Crump, and Ellis

Affirmed

Filed: April 24, 2025

5